139 F.3d 903
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Philip J. AMMONS, Plaintiff-Appellant,
v.
North Pacific Union Conference of Seventh-Day Adventist, an
Oregon corporation/an unicorporated association; Upper
Columbia Corporation Seventh-Day Adventists, a Washington
corporation/an unincorporated association; Jere Patzer;
Jane Doe Patzer; Bryce Pascoe; Jane Doe Pascoe; Ben
Maxson; Jane Doe Maxson; Dennis Carlson; Jane Doe
Carlson; Alfred Birch; Jane Doe Birch, Defendants-Appellees.
 No. 96-36283.
D.C. No. CV-96-00366-WFN.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Eastern District of Washington Wm. Fremming Nielsen, Chief Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Philip Ammons appeals the district court's order dismissing his 42 U.S.C. § 1981 claim, as well as his supplemental state law claims. We review de novo, see Cohen v. Stratosphere Corp., 115 F.3d 695, 700 (9th Cir.1997), and affirm.
 
 II.
 
 3
 The Seventh-Day-Adventist ("SDA") church in Pasco, Washington, imposed on Ammons a period of disciplinary censure. A censured church member may attend worship services and religious classes, but may not represent the church, transfer membership to a different SDA church, vote in church elections, or teach church classes. Ammons challenged the censure in state court. At that point, the Upper Columbia Conference Committee ("UCC"), an SDA regional governing body, began to directly manage Ammons' discipline situation. Ammons then sought to transfer his church membership from the SDA church in Pasco to the SDA church located in Auburn, Washington. The UCC blocked the transfer pending the outcome of Ammons' suit in state court.
 
 
 4
 Ammons then filed suit in federal district court, under 42 U.S.C. § 1981, challenging the UCC's decision to block the transfer. He asserted that, as a result of the UCC's action, he can no longer "contract to preach, teach or perform workshops for any SDA churches as he formally did. Neither can he contract with non-religious entities as a resource regarding theological and social issues as he formerly did." He reasoned that the UCC's action was improper because (1) SDA rules did not empower the UCC to block his membership transfer and (2) the UCC was motivated by racial animus.
 
 III.
 
 5
 Although Ammons alleged that the UCC's refusal to transfer his membership incidentally affected his ability to form contracts with unnamed third-parties, he did not allege that the UCC actively or intentionally interfered with his efforts to form contracts. Therefore, Ammons' claim does not fall within the ambit of § 1981. See Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1313 (9th Cir.1992) (section 1981 plaintiff must allege that defendant intentionally interfered with contract formation because of racial animus); cf. Daniels v. Pipefitter's Ass'n Local Union No. 597, 945 F.2d 906, 916 (7th Cir.1991) (discriminatory expulsion from labor union membership not protected by § 1981 even though expulsion incidentally impaired former member's ability to form employment contracts).
 
 IV.
 
 6
 Disputes regarding matters of church discipline are not the proper subject of a civil court inquiry. See Serbian Eastern Orthodox Diocese v. Milivojevich, 426 U.S. 696, 713, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976); E.E.O.C. v. Pacific Press Publ'g Ass'n, 676 F.2d 1272, 1281 (9th Cir.1982) (dictum). This rule applies even if the governing church body allegedly acted in violation of church laws and regulations. See Milivojevich, 426 U.S. at 713. Thus, the district court properly declined to address Ammons' claim that the UCC violated SDA rules.
 
 V.
 
 7
 Ammons' state law claims provided no independent basis for federal subject matter jurisdiction. We conclude that the district court did not act arbitrarily in declining to hear those supplemental claims. See Sinaloa Lake Owners Ass'n v. City of Simi Valley, 70 F.3d 1095, 1102 (9th Cir.1995).
 
 VI.
 
 8
 The opinion of the district court is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3